UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CYNTHIA BROWN**

    **Plaintiff**

V.

CENTERRA formally known as
G4S Government Solutions, Inc.,
MICHAEL SYZMANSKI and CAPTAIN
JENNIFER BURNS,

    Defendants

Case No:
Hon:
Mag:

**LAW OFFICES OF DIANA L. McCLAIN
& ASSOC IATES, P.C.**
By: Diana L. McClain P54781
Attorney for Plaintiff
7071 Orchard Lake Rd. Ste. 210
(248) 539-3714
dlmcclain@aol.com

## COMPLAINT AND JURY DEMAND

Plaintiff CYNTHIA BROWN (Hereinafter BROWN) by her attorneys LAW OFFICES OF DIANA L. McCLAIN & ASSOCIATES, P.C., By Diana L. McClain and complain against Defendants as follows:

### Jurisdiction and Parties

1. This is an action for deprivation of Plaintiff's rights under Title VII and Elliot Larson Civil Rights Act (Elliot Larson) : arising out of Plaintiffs employment relationship with CENTERRA formally known as G4S GOVERNMENT SOLUTIONS, INC., Defendants

2. That the United States District Court for the Eastern District of Michigan has

1

jurisdiction of CYNTHIA BROWN'S constitutional claim under and pursuant to Title VII, 28 USC §1343 and 28 USC §1331. Venue lies in the Eastern District of Michigan pursuant to 28 USC 1391 2 (b).

3. That the United States District Court for the Eastern District of Michigan Court has supplemental jurisdiction of Plaintiff, CYNTHIA BROWN's state law claims pursuant to 28 USC §1367.

4. That BROWN is a citizen of the United States and resides in Detroit, Michigan within the Eastern District of Michigan.

5. That Defendant CENTERRA formally G4S GOVERNMENT SOLUTIONS, INC ( hereinafter CENTERRA) is a Foreign Corporation with one of its principle place of business in Wayne County, Michigan.

6. That Defendant MICHAEL SYZMANSKI (hereinafter SYZMANSKI is a resident of Wayne County, Michigan and upon information and belief, Defendant SYZMANSKI, resides with in the Eastern District of Michigan.

7. That Upon information and belief, Defendant, JENNIFER BURNS (hereinafter BURNS resides within the Eastern District of Michigan.

8. The transactions and occurrences, which are the subject matter of this complaint, took place in Wayne County.

### Background Facts

9. That Plaintiff CYNTHIA BROWN, hereinafter BROWN, is an African American Female, age fifty-two (52), who became employed with Defendant CENTERRA on or about March 9, 2005.

10. That BROWN was hired in the position of security officer.

11. Throughout the course of her employment with CENTERRA , BROWN performed her job duties in a manner that was satisfactory or better.

12. That BROWN was ultimately promoted to Captain on or about spring of 2008

13. That as BROWN'S supervisors, SYZMANSKI and BURNS had final supervisory authority.

14. That BROWN was ultimately promoted to Captain on or about spring of 2008

15. That Plaintiff took a voluntary step down to Protective service officer on or about August 2011

16. That Plaintiff filed an EEOC complaint on or about November 7, 2012 alleging gender discrimination.

17. That On or about December 3, 2014, Plaintiff and a male co-worker physically detained an intoxicated individual who was attempting to bypass a security check point.

18. That individual was a white female attorney attempting to bypass security in a intoxicated state.

19. That Plaintiff was discharged allegedly for assaulting the individual attempting to bypass security.

20. That a male co-worker whom acted similar to Plaintiff, was not disciplined nor terminated.

21. That there was yet another male employee involved in the incident, whom acted similar to Plaintiff and was also accused of the same infractions, who was not discipline or terminated.

22. That after Plaintiff complained to her superiors about the difference in treatment, the other two male co-workers were disciplined, but not terminated.
23. That in fact one of the male employees was ultimately promoted to Sargent.
24. That Plaintiff, through her union grieved her termination.
25. That after an arbitration hearing regarding Plaintiff's grievance, Plaintiff was awarded back pay and reinstatement.
26. That defendants continues to retaliate against Plaintiff.
27. That Defendant has failed to reinstate Plaintiff and give her back pay.
28. That the arbitration award was issued April 13, 2017, but Defendant only notified Plaintiff to the training requirement on June 29, 2017, for a July 5, 2017, training start date.
29. That Defendant knew that six days was not sufficient for Plaintiff to make arrangement for the training where Plaintiff was employed with another employer.
30. That Defendant continued to harass Plaintiff by requiring her to complete New hire training when Plaintiff needed only to complete re-hire training.
31. That Defendant further ordered Plaintiff to take a drug test giving little or no notice for same and then accusing Plaintiff of refusing to take the drug test because she was going to fail same.
32. That the above listed harassment was in retaliation for Plaintiff'nS EEOC complaint and for Plaintiff winning her arbitration.
33. That Plaintiff believes that the other similarly situated employees were treated more favorably because of their sex.

34. That both SYZMZNSKY and BURNS had actual knowledge of Plaintiff's EEOC complaints.

35. That SYZMANSKI and BURNS terminated Plaintiff in retaliation for her EEOC complaint about Defendants' discriminatory conduct and in retaliation for her internal complaint regarding the difference in treatment.

36. That upon information and belief BROWN was replace by an employee with less experience, education and sonority..

37. That Defendants has shown a pattern and practice of racial and age discrimination against older Black employees.

38. That CENTERRA began a pattern of disparate treatment including unequal enforcement of company policies toward female employees.

39. That CENTERRA ignored Plaintiff's complaints and failed to investigate same and allowed McCLENDON'S and GANT'S discriminatory conduct to continue.

40. That defendants conduct constitutes actions in violation of both Title VII and the Elliot Larson Civil Rights Act.

41. That BROWN received a "Right to Sue " letter on or about May 13, 2017, and sameis attached as exhibit A.

42. That BROWN then filed the within action.

### COUNT I
### VIOLATION OF ELLIOT LARSON CIVIL RIGHTS ACT; SEX AND RACE DISCRIMINATION AND AS TO ALL DEFENDANTS

43. That BROWN repeats and realleges the allegations set forth in Paragraphs 1 through 42 as though set forth fully herein

5

44. That the conduct of Defendants were discriminatory under the Elliott Larson Act, specifically under MCL 37.2202 .

45. That BROWN, an African American Female, had worked for CENTERRA for a number of years without incidents

46. That BROWN received satisfactory performance evaluations throughout her tenure with CENTERRA.

47. That CENTERRA showed a pattern and practice of SEX discrimination against African American female in regards to discipline.

48. That Defendants began a pattern of disparate treatment including unequal enforcement of company policies to prejudice African American female employees

49. That there are other instances of disparate treatment, which have been documented and will be documented throughout the pendency of this litigation.

50. That it is clear that since SYZMANSKI and BURNS had became BROWN'S supervisors and they had perpetuated a pattern and practice of disparate treatment of African American female employees.

51. That CENTERRA, SYZMANSKI and BURNS have repeatedly enforced , rules and regulations in a disparate way towards African American female employees.

52. That in 2012 to present, Defendants began a course of conduct which repeatedly and continuously subjected the Plaintiff to:

    a.    Sex and Racial Discrimination

    b.    Disparate treatment;

    c.    Retaliation and;

    d.    Wrongful termination.

53. That in such conduct by CENTERRA, SYZMANSKI and BURNS was discriminatory under the Elliott Larson Act specifically under MCL 37.2202

54. That CENTERRA, SYZMANSKI and BURNS owed a duty to BROWN to refrain from discriminatory conduct based on SEX and RACE.

55. That CENTERRA, SYZMANSKI and BURNS did breach and violate each of the aforementioned duties, which it owed to BROWN by reason of the following negligent acts, intentional acts, and omissions as follows:

    a. Negligent failure to supervise persons who would be capable Of being competent and law-abiding supervisors, and with Particular reference to enforcing laws against sexual and racial discrimination, and employment discrimination;

    b. Negligent hiring giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over female employees;

    c. Negligent failure to properly educate and train its employees and supervisors with particular reference to the unlawfulness of sexual and racial discrimination, and employment;

    d. Negligently failing to properly warn or advise its employees and supervisors to refrain from taking unlawful discriminatory action against employees including but not limited to discriminatory treatment and retaliation;

56. That as a direct and proximate result of the negligence of CENTERRA, SYZMANSKI and BURNS, BROWN was made the subject/victim of both racial and age discrimination in employment.

57. That because of the negligent conduct of the of CENTERRA, SYZMANSKI and BURNS herein, as a proximate result thereof, BROWN have suffered damages including humiliation, embarrassment, outage and other employment benefits and loss of capacity for the enjoyment of life.

58. That because of the statutory violations by CENTERRA, SYZMANSKI and BURNS herein and as a proximate result thereof, BROWN have suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and loss of capacity of the enjoyment of life.

**WHEREFORE,** BROWN further respectfully ask that this Honorable Court enter judgment in her favor and against CENTERRA, SYZMANSKI and BURNS in excess of $75,000.00 Dollars that she is be found to be entitled after a trial on the merits, together with interest, cost and attorney's fees as provided by statute.

Further BROWN states that this amount of $75,000.00 is only a jurisdictional allegations as Plaintiff's damages are well in excess of $ 1,000,000.00. BROWN further prays that the jury award her appropriate back pay and front pay plus interest so as to render her whole from the unlawful acts of CENTERRA, SYZMANSKI and BURNS.

## COUNT II
### RETALIATION IN VIOLATION OF ELLIOTT LARSON CIVIL RIGHTS ACT (ELCRA) AS TO CENTERRA, SYZMANSKI and BURNS

59. That BROWN repeats and realleges every allegation, word for word, contained in Paragraphs 1 through 58 as though fully set forth herein.

60. That the Elliott Larson Civil Rights Act prohibits retaliation pursuant to MCLA 37.2701,

61. That CENTERRA, SYZMANSKI and BURNS retaliated against BROWN for her rejection and opposition to their unlawful and discriminatory employment practices, which were based on upon BROWN's sex and race.

62. That CENTERRA, SYZMANSKI and BURNS conduct was willful, malicious, and intentional and in reckless disregard of BROWN's rights under the Elliott- Larson Civil Rights Act.

63. That as a direct and proximate result of CENTERRA, SYZMANSKI and BURNS discriminatory employment acts of disparate treatment and intentional discrimination, which acts were based on unlawful consideration of BROWN's sex as a female and her race as an African-American, BROWN has lost wages and future earnings, fringe benefits and other economic advantages incident to employment: and further, BROWN has and will continue suffer mental anguish, severe depression, mental distress, anxiety, public humiliation, embarrassment, and outrage over the manner in which she has been treated which includes the loss of enjoyment of ordinary pleasures of life.

**WHEREFORE**, BROWN respectfully prays to this Honorable Court for the following equitable and legal relief:

   a. Award BROWN appropriate back pay plus interest so as to render BROWN Whole from the unlawful acts of Defendant's discriminatory employment practices

with respect to initial placement or assignment, pay level, compensation, promotion, transfer, training and unfair discipline;

b. Award BROWN the cost of litigation including reasonable attorney fees and witness fees pursuant to ELCRA; and

c. Award BROWN economic and non-economic damages, including compensatory, punitive and exemplary damages and any other relief that this Honorable Court deems just and equitable.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII AS TO CENTERRA

64. That BROWN repeats and realleges every allegation, word for word, contained in Paragraphs 1 through 63 as though fully set forth herein.

65. That title Vii of the Civil Rights Act of 1964 as revised under 42 USC 2000e, prohibits retaliation.

66. That the Defendants retaliated against BROWN for BROWN's rejection and opposition to Defendants' unlawful and discriminatory employment practices, which were based on upon BROWN's race and sex.

67. That the Defendants' conduct was willful, malicious, and intentional and in reckless disregard of BROWN's rights under Title VII.

68. That as a direct and proximate result of Defendant's discriminatory employment acts of disparate treatment and intentional discrimination, which acts were based on unlawful consideration of BROWN's sex as a female and race as an African-American, BROWN has lost wages and future earnings, fringe benefits and other economic advantages incident to employment: and further, BROWN has and will continue suffer mental anguish, , mental distress, anxiety, public humiliation, embarrassment, and

# EXHIBIT A

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Cynthia R. Brown
18452 Oakfield
Detroit, MI 48235

From: Cleveland Field Office
EEOC, AJC Fed Bldg
1240 E 9th St, Ste 3001
Cleveland, OH 44199

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 471-2015-00662 | Luisa Burgos, Investigator | (216) 522-7400 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Connie Davis_ (for) Cheryl Mabry, Director
Cleveland Field Office

May 13, 2017
(Date Mailed)

Enclosures(s)

cc: Marlo Roebuck, Esq.
Jackson Lewis PC
2000 Tower Center, Suite 1650
Southfield, MI 38075

Enclosure with EEOC
Form 161 (11/16)